James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o
FruitXchange S.A.C. and Imex Agro, Inc.,

        Plaintiffs,

  - against -

MSC MEDITERRANEAN SHIPPING COMPANY,
S.A.,

        Defendant.
------------------------------------------------------------X

ECF CASE

18 Civ.

**COMPLAINT**

Plaintiffs, MUND & FESTER GMBH & CO. KG a/s/o FruitXchange S.A.C. and Imex Agro, Inc., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, allege upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC MEDITERRANEAN SHIPPING COMPANY, S.A., bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this district.

### PARTIES

2. At all material times, MUND & FESTER GMBH & CO KG. (hereinafter "M&F" or "Plaintiffs") was and is a corporation with an office and place of business located at

Trostbrucke 1, Hamburg 20457 Germany, and is subrogated underwriter of the consignment of 2,196 cases of fresh grapes, as more fully described below.

3. At all material times, MSC MEDITERRANEAN SHIPPING COMPANY, S.A.,. (hereinafter "MSC" or "Defendant") was and is a corporation with an office and place of business located c/o MSC Mediterranean Shipping Co USA, 420 5th Ave, New York, NY 10018, and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a vessel owning common carrier of goods for hire.

4. Upon information said defendant conducts business as a common carrier, and the provision of services related thereto, with respect to shipments to, from and within the State of New York and the United States as a whole.

5. Plaintiff brings this action on their own behalf and as agents and/or trustees on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

6. On or before October 27, 2016, a consignment consisting of 2,196 cases of fresh grapes, then being in good order and condition, were loaded into and ocean shipping container that had been provided by MSC, numbered CRIU1291067, by the shipper, FruitXchange S.A.C., and on October 27, 2016, the said ocean shipping container containing the 2,196 cases of fresh grapes, then being in good order and condition, were delivered into the custody and control of MSC and/or its agents in Paita, Peru, Chile, for transportation to Philadelphia, PA, with ultimate delivery by MSC in Montreal, Canada.

7. The transportation of the consignment was all arranged in consideration of an agreed upon freight and pursuant to MSC's Bill of Lading numbered MSCUL3911710 dated

2

October 27, 2016, which relate to the 2,196 cases of fresh grapes loaded into container CRIU1291067.

8. Thereafter, on or about October 27, 2016, the aforementioned container was loaded aboard the M/V SEALAND MANZANILLO in Paita, Peru, Chile, and departed for her intended destination.

9. Thereafter, the aforementioned shipment was delivered to the Plaintiff's assured, Imex Agro, Inc., in Montreal, Canada, where the shipment was delivered but not in the same good order and condition as when received by MSC in Paita, Peru, but with severe damage and depreciation to its value, due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their agents.

10. The damage to the aforementioned shipment was not due to any act or omission of Plaintiff or their assureds but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or its agents.

11. As a result of the foregoing, Plaintiff's assureds suffered a loss in the amount of $49,497.34, no part of which has been paid, despite due demand.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between FruitXchange S.A.C., Imex Agro, Inc., and M&F, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between FruitXchange S.A.C., Imex Agro, Inc., and M&F, monies have been expended on behalf of FruitXchange

S.A.C. and Imex Agro, Inc., to the detriment of M&F due to the damages sustained during transit.

14. As M&F has sustained damages as the result of said expenditures, expenditures rightly the responsibility of Defendant, M&F has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

15. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $49,497.34.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

16. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if herein set forth at length.

17. Pursuant to the contract entered into between the parties, the Defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

18. The Defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

19. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $49,497.34.

20. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $49,497.34.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

21. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 20, inclusive, as if herein set forth at length.

22. Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the Defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

23. The Defendant breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $49,497.34.

25. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $49,497.34.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

26. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 25, inclusive, as if herein set forth at length.

27. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

28. The Defendant breached and were negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

29. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $49,497.34.

30. By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $49,497.34.

**WHEREFORE,** Plaintiffs pray:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $49,497.34, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
       May 17, 2018
       260-256

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiffs

                                        By: _____
                                            James P. Krauzlis

305 Broadway, Ste 1202
New York, New York 10010
(212) 286-0225